UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
THOMAS and ANN MARIE
HARRINGTON, as for and on behalf of
STEPHEN HARRINGTON,

                Plaintiffs,                MEMORANDUM AND ORDER

    -against-                              CV 08-0433 (LDW) (AKT)

COUNTY OF SUFFOLK, et al.,

                Defendants.
-----------------------------------------------------X

WEXLER, District Judge

Plaintiffs brought this action against defendants under 42 U.S.C. § 1983 for alleged violation of their due process rights in connection with the alleged "deliberately indifferent" and deficient police investigation into the circumstances surrounding the fatal accident and death of Stephen Harrington. Plaintiffs also asserted various supplemental state law clams. Defendants moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs opposed the motion. Upon oral argument on August 10, 2009, the Court dismissed the due process claim and declined to exercise jurisdiction over the state law claims. The Court writes briefly to explain the grounds for its decision.

Based on the motion papers and oral argument, the Court agrees with defendants that plaintiffs have failed to allege a cognizable "liberty" or "property" interest in connection with the alleged "deliberately indifferent" and deficient police investigation, as required to state a claim for violation of their due process rights. See Goodspeed Airport v. East Haddam Land Trust, Inc., 166 Fed. Appx. 506, 508 (2d Cir. 2006) ("To prevail on a procedural or substantive due process claim, the plaintiff must first identify a liberty or property interest protected by the

Constitution of which the state deprived him or her.") (citing Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir.2002); Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir.1999)). Specifically, the Court disagrees with plaintiffs' argument that the New York State Constitution and Suffolk County Code § C13-6 create such a liberty or property interest.

Moreover, even if the Court now recognized such a right under the circumstances alleged, the individual defendants would be entitled to qualified immunity, as such right was not clearly established at the time of the individual defendants' alleged conduct. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (qualified immunity bars action against government official performing discretionary functions where conduct alleged "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"); see Matiyn v. Henderson, 841 F.2d 31, 36-37 (2d Cir. 1988). Accordingly, plaintiffs' due process claim is dismissed.

Given the dismissal of plaintiffs' only federal claim, the Court declines to exercise jurisdiction over plaintiffs' supplemental state law claims – the only remaining claims in this action. See 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over claim if it has dismissed all claims over which it had original jurisdiction). Thus, the remaining state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

For the above reasons, defendants' motion to dismiss is granted to the extent that plaintiffs' federal due process claim is dismissed and the supplemental state law claims are

dismissed without prejudice for lack of subject matter jurisdiction.  The Clerk of Court is directed to enter judgment and to close the file in this action.

    SO ORDERED.

                                        _____/s/_____
                                        LEONARD D. WEXLER
                                        UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       August 17, 2009